

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

NO. PD-1846-11

---

**VICTOR MARTINEZ GARCIA, Appellant**

**v.**

**THE STATE OF TEXAS**

---

On Discretionary Review of Case 13-10-00284-CR
of the Thirteenth Court of Appeals,
San Patricio County

---

*W*OMACK*, J., filed a concurring opinion in which Keller, P.J., joined.*

Judge Johnson's concurring opinion (*post*) points out that, by not executing the warrant of arrest from the appellant's other judgment of conviction, the State prevented the appellant from earning credit toward the sentence in that other case at the same time he was serving a sentence that was imposed earlier. As a result, he "will remain in the Texas prison system, at state expense, two years longer than he would have if the warrant had been executed promptly, a detainer

2

placed on him, and [a] hearing held on the motion to revoke." This she regards as a "disrupt[ion], by negligence or design, [of] the orderly workings of the justice system." *Post*, at 2.

Well, no.

There is nothing disorderly in a defendant, who was convicted of two offenses, serving two sentences. The decision whether sentences run concurrently or consecutively is one of the orderly workings of the justice system. Prosecutors and judges make them every day in every case in which a defendant has committed multiple offenses that are within the jurisdiction of the court. They have to decide how to allocate limited resources that are provided for the probation and incarceration of criminal offenders

So far as the record before us shows, the judge and the prosecutors have used, in a proper way, procedures that have resulted in a defendant serving two sentences for two crimes of which he was convicted. The only thing that was disrupted was the appellant's hope of being punished only once for his two crimes.

I join the judgment and opinion of the Court.

Filed December 12, 2012.
Publish.